51 F.3d 267
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Ray MATTHEWS, Petitioner-Appellant,
v.
Parker EVATT, Commissioner, South Carolina Department of
Corrections; Attorney General of the State of
South Carolina, Respondents-Appellees.
 No. 95-6013.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1995.
Decided April 6, 1995.
 
 David Ray Matthews, appellant pro se. Donald John Zelenka, Chief Deputy Attorney General, Columbia, SC, for appellees.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant seeks to appeal the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition. Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge discloses that this appeal is without merit. Accordingly, we grant a certificate of probable cause to appeal and affirm substantially on the reasoning of the district court.* Matthews v. Evatt, No. CA-94-695-3-19AJ (D.S.C. Dec. 19, 1994). However, because the Appellant may refile his petition upon the exhaustion of state remedies, we modify the judgment to be a dismissal without prejudice. See 28 U.S.C. Sec. 2106 (1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 *
 Although some courts have held that delays of five and one-half or six years were inordinate delays that excused exhaustion, see Mathis v. Hood, 851 F.2d 612 (2d Cir.1988); Burkett v. Cunningham, 826 F.2d 1208 (3d Cir.1987), we find that the nearly four-year delay in this case does not excuse exhaustion because some of the delay is attributable to Appellant. See, e.g., Perry v. Jones, 437 F.2d 758 (5th Cir.1971)